**Yu CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–0901–AG.**

United States Court of Appeals, Second Circuit.

March 7, 2006.

Michael Brown, New York, New York, for Petitioner.

David C. Iglesias, United States Attorney for the District of New Mexico, Mary Catherine McCulloch, Assistant United States Attorney, Albuquerque, New Mexico, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of the Board of Immigration Appeals ("BIA") decision is hereby DENIED.

Yu Chen petitions for review of the January 31, 2005 BIA decision denying his motion to reconsider his final order of removal. We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reconsider for an abuse of discretion. *Zhong Guang Sun v. U.S. Dep't of Justice*, 421 F.3d 105, 107 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001).

As Chen acknowledges, a motion to reconsider must specify errors of fact or law and be supported by pertinent authority. 8 C.F.R. § 1003.2(b)(1). However, Chen did not allege any such errors, but merely restated the same arguments that he initially raised on appeal to the BIA, which BIA had already addressed and properly rejected. Moreover, Chen's arguments were devoted primarily to challenging the BIA's affirmance of the IJ's factual findings, which were adequately supported by the record. Such action is not a legal error, as he claims, because the BIA's express responsibility is to uphold the IJ's factual findings unless they are clearly erroneous. *See* 8 C.F.R. § 1003.1(d)(3)(i). Therefore, the BIA did not abuse its discretion in denying Chen's motion. *See Ke Zhen Zhao*, 265 F.3d at 93.

Accordingly, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.